# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### HELENA DIVISION

EVA DIANNE CALDER,

                            Plaintiff,

vs.

ANDREW SAUL,
Commissioner of Social Security
Administration,

                            Defendants.

No.  CV 20-56-H-SEH

**ORDER**

Plaintiff Eva Dianne Calder ("Calder"), following a hearing before an

administrative law judge ("ALJ"),  has appealed the final decision of the

Commissioner of the Social Security Administration ("Commissioner") denying

her application for Disability Insurance Benefits under Title II of the Social

Security Act, 42 U.S.C. §§ 401-433. The matter is fully briefed and ripe for ruling.

## PROCEDURAL BACKGROUND

Calder claims her disability began on May 5, 2016.[1] She filed for disability

and disability benefits on May 2, 2017.[2] The Commissioner denied her

---

[1] *See* Doc. 8 at 18.

[2] *See* Doc. 8 at 18.

application.[3] Reconsideration was sought and denied.[4] An ALJ hearing was requested.[5]

Calder appeared and testified at the hearing.[6] The ALJ asked Calder to voluntarily submit to an additional medical examination to be arranged by the ALJ.[7] She agreed.

On September 21, 2019, Dr. Karen Sciascia, D.O., conducted a physical examination of Calder[8] and concluded:

> [S]he has significant muscle atrophy and weakness throughout her upper and lower extremities. [S]he has decreased fine motor manual dexterity. [S]he has a diagnosis of osteoarthritis. She is able to walk for less than 100 yards, she can stand for 51 minutes at a time, she can sit for 30-40 minutes at a time, and she can lift less than 10 pounds. [H]er muscle weakness and pain certainly limits her activity level significantly.[9]

Dr. Sciascia also noted, "she is not able to lift even a three pound dumbbell in

---

[3] *See* Doc. 8 at 18.

[4] *See* Doc. 8 at 18.

[5] *See* Doc. 8 at 18.

[6] *See* Doc. 8 at 18.

[7] *See* Doc. 8 at 67.

[8] *See* Doc. 8 at 483-88.

[9] Doc. 8 at 488.

each hand and handle it with any sort of control."[10]

The ALJ, by decision issued November 8, 2019, denied Calder's application

for disability benefits.[11] He determined, *inter alia*:

> (1) Calder "had not engaged in substantial gainful activity since May 5, 2016;"[12]
>
> (2) she had the "severe impairments [of] osteoarthritis . . . and asthma"[13] and other non-severe conditions including: (a) osteopenia/osteoporosis; (b) neck pain; (c) pedunculated uterine fibroid with uterine prolapse; (d) mild lumbosacral degenerative changes; (e) contusions on the rib, right knee, and right hip from falling; and (f) a twisted knee from July 2019;[14]
>
> (3) she did not have an impairment or combination of impairments under 20 C.F.R. Part 404,[15] but did have a residual functional capacity to perform sedentary work,[16] was capable of performing her past work as a benefits clerk;[17] and

_____

[10] Doc. 8 at 486.

[11] *See* Doc. 8 at 28.

[12] Doc. 8 at 20.

[13] Doc. 8 at 20.

[14] *See* Doc. 8 at 21.

[15] *See* Doc. 8 at 22-23.

[16] *See* Doc. 8 at 23-27.

[17] *See* Doc. 8 at 27-28.

(4) was "not disabled under sections 216(i) and 223(d) of the Social Security Act."[18]

Appeals Council denied rehearing of the ALJ's decision.[19] Judicial review in this Court was sought. An opening brief was filed.[20] The Commissioner responded[21] and reply was filed.[22]

## LEGAL STANDARD

A disability benefits claimant may seek limited judicial review from an adverse decision of the Commissioner.[23] The court may disturb an ALJ's decision denying disability "benefits 'only if it is not supported by substantial evidence or is based on legal error.'"[24]

"'Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as

---

[18] Doc. 8 at 28.

[19] *See* Doc. 8 at 6-8.

[20] Doc. 13.

[21] Doc. 19.

[22] Doc. 20.

[23] *See* 42 U.S.C. § 405(g); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

[24] *Treichler,* 775 F.3d at 1098 (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

adequate to support a conclusion.'"[25] The court must uphold an ALJ decision if a legal "error is harmless."[26]

Five steps[27] are assessed by the Commissioner to determine an individual's disability status:

> 1. Is claimant presently working in a substantially gainful activity? If so, then the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).
>
> 2. Is the claimant's impairment severe? If so, proceed to step three. If not, then the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).
>
> 3. Does the impairment "meet or equal" one of the list of specific impairments described in 20 C.F.R. Part 200, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).
>
> 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R §§ 404.1520(e), 416.920(e).

---

[25] *Coleman v. Saul*, 979 F.3d 751, 755 (9th Cir. 2020) (quoting *Andrews*, 53 F.3d at 1039).

[26] *Treichler,* 775 F.3d at 1099.

[27] *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v).

5. Is the claimant able to do any other work? If so, then the claimant is not disabled. If not, the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).[28]

The claimant has the burden of proof for establishing steps one, two, three, and four.[29] The Commissioner bears the burden for step five.[30]

## DISCUSSION

### I.   Medical Source Evidence

Calder asserts the ALJ erred in the evaluation of Dr. Sciascia's assessment by failing to provide detailed reasoning for rejecting her medical opinion.[31] The Commissioner counters that the ALJ properly found the opinion unpersuasive.[32]

Prior to March 27, 2017, Social Security regulations allowed the ALJ to consider "[medical] opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant

---

[28] *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

[29] *See Tackett*, 180 F.3d at 1098 (9th Cir. 1999).

[30] *See Tackett*, 180 F.3d at 1098 (9th Cir. 1999).

[31] *See* Doc. 13 at 13-16.

[32] *See* Doc. 19 at 12-20.

(nonexamining physicians)."[33] "[A] treating physician's opinion is entitled to 'substantial weight.'"[34] "'The opinion of an examining physician is . . . entitled to greater weight than the opinion of a nonexamining physician.'"[35]

If an ALJ rejects either a treating or examining physician's opinion, "'specific and legitimate reasons that are supported by substantial evidence in the record'"[36] must be detailed. "'[A] detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings'"[37] must be proved. More than a statement of conclusions must be provided.[38] The ALJ must provide his own interpretations and explain why those interpretations, rather than those of the physician are correct.[39]

A change in 20 C.F.R. § 404.1520c, implemented March 27, 2017, no longer differentiates the weight afforded to the source of the medical opinion. The

---

[33] *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1995).

[34] *See Ford v. Saul,* 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Embrey v. Bowen,* 849 F.2d 418, 422 (9th Cir. 1988)).

[35] *Ford,* 950 F.3d at 1155 (quoting *Lester,* 81 F.3d at 830).

[36] *Ford,* 950 F.3d at 1155 (quoting *Lester,* 81 F.3d at 830-31).

[37] *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Cotton v. Bowen,* 799 F.2d 1403, 1408 (9th Cir. 1986)).

[38] *See Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir. 1998).

[39] *See Reddick,* 157 F.3d at 725 (citing *Embrey,* 849 F.2d at 421-22).

phrase "your medical source(s)"[40] now incorporates and contemplates five factors

to be considered in evaluating the persuasiveness of the medical source's

opinion.[41] And, notwithstanding the 2017 regulation amendment, "'specific and

legitimate reasons that are supported by substantial evidence in the record'"

remain a requirement to reject a medical source opinion.[42]

Here, the ALJ concluded:

> [Dr. Sciascia's] opinion is not persuasive because it is
> not supported by the imaging findings at 14F, from a few
> weeks later, indicating no more than mild osteoarthritis
> of the hands, SI joints, and right ankle, and no significant
> abnormalities of the left ankle, either hand, or either foot.
> Further, there is no indication that Dr. Sciascia ever saw
> these x-rays, and she did not explain her assessment in
> light of them.[43]

This explanation failed to provide specific and legitimate reasons for rejecting the

opinion.

## II.   Combined Effect of Calder's Impairments

An ALJ must "consider the combined effect of all of [the] impairments

without regard to whether any such impairment, if considered separately, would be

---

[40] *See* 20 C.F.R. § 404.1520c.

[41] *See* 20 C.F.R. §§ 404.1520c (a)-(c) (2017).

[42] *Ford*, 950 F.3d at 1155 (quoting *Lester*, 81 F.3d at 830-31).

[43] Doc. 8 at 26.

of sufficient severity."[44] Here, ALJ committed legal error by failing to consider the combined effects of Calder's severe impairments, including osteoarthritis and asthma[45] and numerous non-severe impairments.[46] All should have been considered in assessing Calder's disability status.

## III.   Remand or Reversal

The Court has discretion as to whether to remand to the ALJ or to award benefits.[47] Calder seeks an award of benefits.[48]

If the ALJ's decision "is not supported by the record, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'"[49] Remand is appropriate in this case.

ORDERED:

1.      The ALJ's decision is REVERSED and REMANDED for further proceedings consistent with this Order.

---

[44] 20 C.F.R. § 404.1523(c).

[45] *See* Doc. 8 at 20.

[46] *See* Doc. 8 at 21.

[47] *See Reddick*, 157 F.3d at 725, 728.

[48] *See* Doc. 13 at 18.

[49] *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)).

2.     On remand, the ALJ shall reassess the record and reconsider the

weight afforded to Dr. Sciascia's medical opinion and whether or not, in light of

her opinion, the combined effect of Calder's impairments entitles her to disability

benefits under the Social Security Act.

DATED this ___8th___ day of April, 2021.

SAM E. HADDON
United States District Judge